IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL LOPEZ, | ) | |
| | ) | |
| Petitioner, | ) | 4:09CV3045 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | ORDER |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on petitioner's motion for leave to amend his petition for writ of habeas corpus (Filing No. 14).

### *Initial Review of the Proposed Amendment*

The Court has conducted an initial review of petitioner's proposed amendment to determine whether it is, when liberally construed, potentially cognizable in federal court. Petitioner has asked that Claim One of his Petition be amended to include the following allegation: Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments *because* Petitioner's trial counsel . . . (6) advised petitioner to enter into a plea agreement to plead guilty to delivering more than 28 grams of methamphetamine when there was no lab report to show more than 28 grams of methamphetamine were delivered (Filing No. 14 at CM/ECF p. 1).

Liberally construed, the Court preliminarily decides petitioner's proposed amendment is potentially cognizable in

federal court.  However, the Court cautions that no determination has been made regarding the merits of the allegation or any defenses thereto or whether there are procedural bars that will prevent petitioner from obtaining the relief sought.

### *Motion to Amend Petition*

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires."  The applicable standard is summarized in *Foman v. Davis*, 371 U.S. 178, 182 (1962), which states:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits.  In the absence of any apparent reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

*Id.*

The Court has carefully reviewed the proposed amendment and determined that it is potentially cognizable in federal court.  Therefore, the amendment would not be futile and is not made in bad faith.  Accordingly, the Court finds petitioner's motion to amend petition for writ of habeas corpus (Filing No. 14) should be granted.  Because the parties have already briefed

the merits of petitioner's original claims, the Court sets forth a new briefing schedule below.

        IT IS ORDERED:

        1.    Upon initial review of petitioner's proposed amendment (Filing No. 14 at CM/ECF p. 1), the Court preliminarily determines that it is potentially cognizable in federal court.

        2.    Petitioner's motion to amend petition for writ of habeas corpus (Filing No. 14) is granted and the original petition shall be considered amended by the motion.

`      3.    By September 4, 2009, the following procedures shall be followed by Respondent:

        A.    Respondent shall file a brief addressing all matters germane to the **amended claim** including, but not limited to, the merits of petitioner's allegations, and whether the claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

        B.    Respondent's brief shall be supported by all state court records relevant to petitioner's **amended claim.** *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. The state court records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

        C.    Copies of the brief and designation shall be served upon petitioner except that respondent is only required to provide petitioner with a copy of the specific pages of the designated records that are cited in respondent's brief. In the event the designation of state court records is deemed

        insufficient by petitioner, petitioner may file a motion requesting additional documents.  Such motion shall set forth the documents requested and the reasons the documents are relevant to the amended claim.

4.   The clerk of the court is directed to set a pro se case management deadline in this case using the following text: September 4, 2009:  deadline for respondent to file brief and state court records.

5.   No later than 30 days after the filing of respondent's brief, petitioner shall file and serve a brief in response.  Petitioner shall submit no other documents without leave of the Court.

6.   No discovery shall be undertaken without leave of the Court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 13th day of August, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court