IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DANIEL LOPEZ, ) | |
| ) | |
| Petitioner, ) | 4:09CV3045 |
| ) | |
| v. ) | |
| ) | |
| ROBERT HOUSTON, ) | MEMORANDUM OPINION |
| ) | |
| Respondent. ) | |

This matter is before the Court on petitioner Daniel Lopez's ("Lopez") Petition for Writ of Habeas Corpus ("Petition"), as amended by Lopez's Amended Claim One in Filing No. 14 (Filing Nos. 1 and 14  Respondent filed an answer (Filing No. 9), a brief on the merits of the petition (Filing No. 11), a brief on the merits of the Lopez's Amended Claim (Filing No. 18), relevant State Court Records (Filing No. 10), and a Reply Brief (Filing No. 15).  Lopez filed a brief in support of his petition (Filing No. 12) and a response to respondent's brief on the merits of his Amended Claim (Filing No. 19).  This matter is therefore deemed fully submitted.

Liberally construing the allegations of Lopez's petition and amended claim, he argues that he is entitled to a writ of habeas corpus because:

Claim One:[1]   Petitioner was denied the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because petitioner's trial counsel (1) did not comply with petitioner's request that he obtain the tape recording of petitioner's alleged drug sale; (2) did not protect petitioner's rights following the State's breach of the terms of the plea agreement it entered into with petitioner; (3) did not notify the Court of its sentencing error; (4) did not object to the State's use of evidence of a drug transaction that occurred outside the county over which the trial court has jurisdiction; (5) advised petitioner to plead guilty; and (6) advised petitioner to enter into a plea agreement to plead guilty to delivering more than 28 grams of methamphetamine when there was no lab report to show more than 28 grams of methamphetamine were delivered.

Claim Two:[2]   The trial court deprived petitioner of due process of law in violation of the Fourteenth Amendment because the trial court failed to provide petitioner, a non-English speaking immigrant, a meaningful explanation of his constitutional rights.

---

[1] Grounds One through Five of the Petition and petitioner's Amended Claim (Filing No. 1 at CM/ECF pp. 4-11; Filing No. 14 at CM/ECF p. 1),

[2] Ground Four of the Petition (Filing No. 1 at CM/ECF pp. 10-11),

*BACKGROUND*

**I. Lopez's Conviction and Direct Appeal**

On May 1, 2006, Lopez pled guilty to delivery of a controlled substance, methamphetamine, weighing twenty-eight grams or more (Filing No. 10-15, Attach. 14 at CM/ECF pp. 30-31, 35), Lopez was thereafter sentenced to serve ten to fourteen years in prison. (*Id*. at CM/ECF pp. 50-51.) Lopez filed a timely direct appeal of his conviction and sentence (Filing No. 10-13, Attach 12. at CM/ECF p. 1). In his direct appeal brief, Lopez argued that his sentence was excessive and that he received ineffective assistance of trial counsel because (1) counsel was deficient in advising him to enter into a plea agreement to plead guilty to delivering more than twenty-eight grams of methamphetamine when there was no lab report to show that more than twenty-eight grams of methamphetamine were delivered, and (2) counsel falsely assured him that the charges against his girlfriend and co-defendant, Bertha Puig, would be dropped if he agreed to plead guilty (Filing No. 10-6, Attach. 5 at CM/ECF at pp. 5, 8-13).

On March 8, 2007, the Nebraska Court of Appeals affirmed Lopez's conviction and sentence, concluding that the record on direct appeal was insufficient to address petitioner's ineffective assistance of counsel claims (Filing No. 10-3, Attach. 2 at CM/ECF p. 2; Filing No. 10-4, Attach. 3 at CM/ECF p.

2). Thereafter, Lopez filed a petition for further review (Filing No. 10-4, Attach. 3 at CM/ECF p. 2). The Nebraska Supreme Court denied this petition on April 11, 2007. (*Id*.)

**II. Lopez's Post-Conviction Motion and Appeal**

On November 13, 2007, Lopez filed a "Verified Motion to Vacate and Set Aside Convictions" and later filed a "First Amended Verified Motion to Vacate and Set Aside Convictions" ("Post-Conviction Motion") in the Madison County, Nebraska District Court (Filing No. 10-14, Attach. 13, at CM/ECF pp. 14, 22-28. In his amended post-conviction motion, Lopez argued that his trial counsel was ineffective for failing to adequately investigate and advise him prior to his entry of a plea by (1) failing to take steps to secure a tape-recorded account or written version of the alleged drug sale activity; (2) failing to protect his rights when the prosecutor violated one of the terms used to induce the plea by failing to drop the charges against his co-defendant; (3) causing him to be sentenced to a more lengthy term than if counsel had known the law governing the crime; (4) causing him to plead guilty without the benefit of a full understanding of the right to a jury trial when the Court failed to advise him that he could not be convicted unless all twelve members of the jury voted guilty; (5) failing to advise him that by pleading guilty he was giving up his right to remain silent because the Court and counsel did not advise him that the

-4-

right against self-incrimination remained until after sentencing; and (6) failing to take the necessary steps to prevent him from being convicted of a crime over which the state district court lacked jurisdiction. (*Id*. at CM/ECF pp. 22- 27; Filing No. 10-3 at CM/ECF pp. 2-4.) Lopez also alleged that his direct appeal counsel was ineffective for failing to raise claim six on direct appeal (Filing No. 10-14, Attach. 13 at CM/ECF p. 26; Filing No. 10-3, Attach. 2 at CM/ECF pp. 9-10). The Madison County District Court denied Lopez's post-conviction motion without conducting a full evidentiary hearing (Filing No. 10-14, Attach. 13 at CM/ECF pp. 61-63).

Lopez filed a timely appeal of the denial of post-conviction relief (Filing No. 10-3, Attach. 2 at CM/ECF p. 5). On October 17, 2008, the Nebraska Court of Appeals affirmed the Madison County District Court's decision in a detailed opinion. (*Id*. at CM/ECF p. 13.) This opinion is set forth in greater detail within the analysis below. Lopez filed a petition for further review with the Nebraska Supreme Court, which was denied on January 14, 2009 (Filing No. 10-5, Attach. 4 at CM/ECF p. 2), On March 4, 2009, Lopez filed his petition in this Court (Filing No. 1).

***ANALYSIS***

**I. Procedural Default**

Respondent has alleged that Lopez's Second Claim and parts one, three, five and six of Lopez's First Claim are procedurally defaulted and cannot form the basis of habeas corpus relief (Filing No. 11 at CM/ECF pp. 4-8). For the reasons set forth below, the Court agrees.

    **A. Standards for Exhaustion/Procedural Default**

As set forth in 28 U.S.C. § 2254(b)(1):

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that --
>
>    (A) the applicant has exhausted the remedies available in the courts of the State; or
>
>    (B)(I) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The United States Supreme Court has explained the habeas exhaustion requirement as follows:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional

-6-

> claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). A state prisoner must therefore "fairly present" the substance of each federal constitutional claim to the state courts *before* seeking federal habeas relief. Id. at 844. In Nebraska, "one complete round" ordinarily means that each § 2254 claim must have been presented in an appeal to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Court of Appeals rules against the petitioner. *See* Akins v. Kenney, 410 F.3d 451, 454-55 (8th Cir. 2005).

In addition, "fair presentation" of a habeas claim in state court means that a petitioner "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007) (quotation omitted). Thus, where a petitioner argued in the state courts only that "the trial court misapplied . . . state statutes and case law," the claim is procedurally defaulted. Id.; *see also* Rucker v. Norris, 563 F.3d

766, 771 (8th Cir. 2009) (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in the state courts).

Moreover, where "no state court remedy is available for the unexhausted claim -- that is, if resort to the state courts would be futile -- then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" Armstrong v. Iowa, 418 F.3d 924, 926 (8th Cir. 2005) (quoting Gray v. Netherland, 518 U.S. 152, 162 (1996)). Stated another way, if a claim has not been presented to the Nebraska appellate courts and is now barred from presentation, the claim is procedurally defaulted, not unexhausted. Akins, 410 F.3d at 456 n.1.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion." State v. Ortiz, 670 N.W.2d 788, 792 (Neb. 2003). In addition, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." Hall v. State, 646 N.W.2d 572, 579

(Neb. 2002). In such circumstances, where a Nebraska state court rejects a claim on state procedural grounds, and "issues a plain statement that it is rejecting petitioner's federal claim on state procedural grounds," a federal habeas court is precluded from "reaching the merits of the claim." Shaddy v. Clarke, 890 F.2d 1016, 1018 (8th Cir. 1989); Greer v. Minnesota, 493 F.3d 952, 957 (8th Cir. 2007) (reiterating that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal habeas is barred because "[i]n such instances, the state prisoner forfeits his right to present his federal claim through a federal habeas corpus petition" (quotations omitted)). However, the state court procedural decision must "rest[] on independent and adequate state procedural grounds." Barnett v. Roper, 541 F.3d 804, 808 (8th Cir. 2008) (quotation omitted). "A state procedural rule is adequate only if it is a firmly established and regularly followed state practice." Id. (quotation omitted). Even where a claim has been procedurally defaulted, a petitioner is entitled to an opportunity to demonstrate cause and prejudice to excuse the default. Akins, 410 F.3d at 456 n.1.

    **B.   Claim One, Parts One, Three and Five**

        Although Lopez did not raise Parts One, Three and Five of Claim One on direct appeal, he did raise them in his post-

-9-

conviction motion (Filing No. 10-14, Attach. 13 at CM/ECF pp. 22-28).  As discussed above, the Madison County District court denied Lopez's post-conviction motion and Lopez appealed.  (*Id*. at CM/ECF pp. 61-63; Filing No. 10-3, Attach. 2 at CM/ECF p. 5.)  On appeal the Nebraska Court of Appeals concluded that these allegations were procedurally barred under Nebraska law because Lopez knew of them at the time of his direct appeal, failed to raise them on direct appeal, and did not allege that his appellate counsel was ineffective for failing to raise them on direct appeal (Filing No. 10-3, Attach. 2 at CM/ECF pp. 9-10).  As the Nebraska state court has issued rejected his claim on state procedural grounds, this Court is precluded from reaching their merits claim.  *Shaddy*, 890 F.2d at 1018.  Accordingly, Claim One, Part One, Three and Five are procedurally defaulted.

**C.   Claim One, Part Six (as amended)**

In contrast to Parts One, Three and Five of Claim One, Lopez did raise Part Six of Claim One in his direct appeal (Filing No. 10-6, Attach. 5 at CM/ECF pp. 5, 8-13).  However, the Nebraska Court of Appeals did not rule on the merits of this claim because the record on direct appeal was insufficient (Filing No. 10-3, Attach. 2 at CM/ECF p. 2).  Lopez failed to re-allege this claim in his post-conviction motion (Filing No. 10-14, Attach. 13 at CM/ECF pp. 22-28).  Due to this failure, the Nebraska Court of Appeals concluded that Lopez had abandoned the

claim (Filing No. 10-3, attach. 2 at CM/ECF p. 8), and under Nebraska law, Lopez is now precluded from bringing a successive post-conviction motion for relief. *Ortiz*, 670 N.W.2d at 792. Accordingly, Claim One, Part Six is also procedurally defaulted.

**D. Claim Two**

In Claim Two, Lopez alleges that the trial court deprived him of due process because the court failed to provide him, a non-English speaking immigrant, a meaningful explanation of his constitutional rights (Filing No. 7 at CM/ECF p. 2). Lopez did not present this claim to the Nebraska courts.

In order to "fairly present" his habeas claims, Lopez "must have referred to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue in a claim before the state courts." *Carney*, 487 F.3d at 1096 (quotations omitted and emphasis added); *see also Rucker*, 563 F.3d at 771 (finding claim was procedurally barred where the petitioner failed to raise his federal due process claim and "cited no federal authority" in state courts). Lopez failed to fairly present Claim Two to the Nebraska state courts and, under Nebraska law, he cannot file a second motion for post-conviction relief. *Ortiz*, 670 N.W.2d at 792. Thus, Claim Two is also procedurally defaulted.

-11-

### E. Cause and Prejudice

To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law or, in rare cases, that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Although there is no precise definition of what constitutes cause and prejudice, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999); *see also Bell v. Attorney General of Iowa*, 474 F.3d 558, 561 (8th Cir. 2007) ("A cause is sufficient to excuse procedural default when it is external to the petitioner, and not attributable to the petitioner."). In addition, the Eighth Circuit has held that ineffective assistance of counsel at the state post-conviction stage is not sufficient to constitute "cause" to excuse the procedural default of a habeas claim. *Armstrong*, 418 F.3d at 927.

The Court has carefully reviewed Lopez's submissions in this matter. He does not argue cause or prejudice for his failure to properly raise Claim One, Parts One, Three, Five and Six, and Claim Two, in the Nebraska state courts. At best, Lopez

-12-

has argued that the extraordinary circumstances in his case overcome any procedural default issues that may exist (Filing No. 12 at CM/ECF p. 4). Thus, liberally construed, Lopez has argued that the court's failure to consider these claims will result in a fundamental miscarriage of justice. In order for Lopez to invoke the fundamental-miscarriage-of-justice exception, he must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). *See Cassell v. Norris*, 103 F.3d 61, 62 (8th Cir.1996) ("For actual innocence to lift the procedural bar, [a petitioner] must show that it is more likely than not that, in light of new evidence, no reasonable juror would have convicted him."), cert. denied, 522 U.S. 857 (1997).

Liberally construed, Lopez argues that procedural default should be excused for Claim One, Parts One, Three and Five because the Nebraska Court of Appeals incorrectly determined that he failed to allege in his post-conviction motion that his appellate counsel was ineffective for not raising his ineffective assistance of trial counsel claims on direct appeal (Filing No. 12 at CM/ECF p. 4). However, in his post-conviction motion, Lopez only alleged ineffective assistance of appellate counsel for one of his claims, his claim that counsel was ineffective for failing to prevent him from being convicted in a court that

lacked jurisdiction (Filing No. 10-14, Attach. 13 at CM/ECF pp. 22-28; Filing No. 10-3, Attach. 2 at CM/ECF pp. 9-10). This claim is essentially the same claim as Claim One, Part Four of Lopez's Petition (Filing No. 7 at CM/ECF p. 1).

Claim One, Part Four is not procedurally defaulted and the merits of this claim are addressed below. However, the Court declines to excuse the procedural default of Claim One, Parts One, Three, Five, and Six and Claim Two under the fundamental-miscarriage-of-justice exception because Lopez has offered no new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted. *See* Abdi, 450 F.3d at 338. Thus, he cannot avoid the procedural default of his claims under this exception. In short, Lopez's failure to follow the state's procedural rules is not adequate cause to excuse the procedural default. Claim One, Parts One, Three, Five, and Six and Claim Two will be dismissed.

**II. The Merits of Claim One, Parts Two and Four**

    **A. Standard of Review**

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the facts and the law. *See* 28 U.S.C. § 2254(d). With regard to the deference owed to factual findings of a state court's decision, a federal court is bound by those findings unless the state court made a

"decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). In addition, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Further, Section 2254(d)(1) states that a federal court may not grant a writ of habeas corpus unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Id.* at 399. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006). This high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown*

*v. Luebbers*, 371 F.3d 458, 460-61 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

### B. The *Strickland* Standard

Claims of ineffective assistance of counsel are reviewed under the two-pronged standard of *Strickland v. Washington*, 466 U.S. 668, 694 (1984). *Strickland* requires that the petitioner demonstrate both that his counsel's performance was deficient, and that such deficient performance prejudiced the petitioner's defense. *Id.* at 687; *see also Bryson v. United States*, 268 F.3d 560 (8th Cir. 2001); *Williamson v. Jones*, 936 F.2d 1000, 1004 (8th Cir. 1991).

The first prong of the *Strickland* test requires the petitioner to demonstrate that his attorney failed to provide reasonably effective assistance. *Strickland*, 466 U.S. at 687-88. In conducting such a review the courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The second prong requires the petitioner to demonstrate "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694;

-16-

*see also Hubbeling v. United States*, 288 F.3d 363, 365 (8th Cir. 2002). A court need not address the reasonableness of the attorney's skills and diligence if the movant cannot prove prejudice under the second prong of this test. *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (quoting *Cheek v. United States*, 858 F.2d 1330, 1336 (8th Cir. 1988)). Further, as set forth in *Strickland*, counsel's "strategic choices made after thorough investigation are virtually unchallengeable" in a later habeas corpus action. 466 U.S. at 689.

In addition, the Supreme Court has very recently emphasized that the deference due the state courts applies with vigor to decisions involving ineffective assistance of counsel claims. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1418-20 (2009) (reversing the Ninth Circuit Court of Appeals and holding that the decision of the California Court of Appeals, that the defendant was not deprived of effective assistance of counsel when his attorney recommended withdrawing his insanity defense during second phase of trial, was not contrary to or an unreasonable application of clearly established federal law; also concluding, among other things, that there was no reasonable probability that, but for counsel's alleged unprofessional error, the result of the proceeding would have been different).

In *Knowles*, the Justices stressed that under the *Strickland* standard, the state courts have a great deal of

-17-

"latitude" and that "leeway" presents a "substantially higher threshold" for a federal habeas petitioner to overcome. Thus:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable-a substantially higher threshold." *Schriro, supra,* at 473, 127 S. Ct. 1933. And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. *See Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

*Id.* at 1420.

### C. Claim One, Parts Two and Four

#### 1. State Court Findings

The Nebraska Court of Appeals addressed Claim One, Part Two of Lopez's Petition (i.e. that Lopez's counsel was ineffective after the State breached the terms of his plea agreement by failing to drop the charges against Lopez's codefendant). and denied relief (Filing No. 10-3, Attach 2 at CM/ECF p. 11). In particular, the Court of Appeals held that:

> Upon the court's inquiry, the prosecutor and Lopez each affirmed that [defense counsel's]

-18-

> representation was their understanding of the agreement. The record affirmatively shows that the dropping of charges against Lopez' codefendant was not a part of the plea agreement. Thus, trial counsel could not have performed deficiently in failing to ensure that charges were dropped against the codefendant or in advising Lopez that charges would be dropped as part of Lopez' plea agreement.

(*Id*.)

The Nebraska Court of Appeals also addressed Claim One, Part Four of Lopez's Petition (i.e. that Lopez's counsel was ineffective because he failed to challenge the trial court's jurisdiction), and denied relief. (*Id*. at CM/ECF p. 12.) In doing so, the Court of Appeals explained that:

> [D]uring the May 1, 2006, hearing, the prosecutor provided a factual basis for the plea. The prosecutor stated that a confidential informant purchased slightly over 2 ounces of methamphetamine from Lopez at Lopez' apartment in Norfolk, Madison County, Nebraska. The court asked Lopez if that is what happened, and Lopez responded, "Yes." The record affirmatively shows that the transaction occurred in Madison County. Therefore, appellate counsel did not perform deficiently in not challenging the jurisdiction of the Madison County district court or the venue in Madison County.

(*Id*.)

-19-

   *2.   Deference*

As set forth above, the foregoing findings of fact and conclusions of law by the Nebraska Court of Appeals are entitled to substantial deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts.  This Court has carefully reviewed the record in this matter and finds that the Nebraska Court of Appeals' decision denying Lopez's claims are not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Lopez has not submitted any evidence, let alone clear and convincing evidence, that the Madison County District Court or the Nebraska Court of Appeals was incorrect in any of its factual or legal determinations.  28 U.S.C. § 2254(e)(1).  In short, Claim One, Parts Two and Four were adjudicated on the merits by the Nebraska Court of Appeals and the grant of a writ of habeas corpus is not warranted here because the Nebraska state courts reasonably applied *Strickland* and other Supreme Court holdings in reaching their decision.  In light of these findings, Lopez's petition will be dismissed in its entirety.  A separate order will be entered in accordance with this memorandum opinion.

   DATED this 15th day of January, 2010.

            BY THE COURT:

            /s/ Lyle E. Strom
            _____
            LYLE E. STROM, Senior Judge
            United States District Court